DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 2007-60 |
| ) | |
| **MARC A. BIGGS,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ATTORNEYS:**

**Gretchen Shappert, United States Attorney**
**Sansara Adella Cannon, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States of America,*

**Jeffrey B.C. Moorhead**
St. Croix, U.S.V.I.
   *For Marc A. Biggs.*

## ORDER

**GÓMEZ, J.**

Before the Court is the petition of Marc. A. Biggs to quash the writ of garnishment against his property.

On February 27, 2008, Biggs was convicted of federal program fraud. On August 14, 2008, the Court sentenced Biggs. As part of Biggs's sentence, the Court ordered Biggs to pay a

special assessment of $100 and a personal money judgment for $960,482.

On February 26, 2016, the United States applied for a writ of garnishment seeking to garnish a portion of Biggs's salary from the Virgin Islands Water and Power Authority ("WAPA"). The United States asserted that, as of January 7, 2016, Biggs still owed the United States $938,723.76 under his criminal judgment.

On March 2, 2017, the Court issued a writ of garnishment as to WAPA. The writ directed WAPA to withhold and retain the lesser of (1) 25% of Biggs's total disposable earnings; or (2) all of Biggs's disposable earnings in excess of 30 times the minimum hourly wage.

On March 16, 2017, WAPA filed an answer to the writ of garnishment. WAPA asserted that it had custody, control, or possession of Biggs's earnings in the amount of $2,572.55 bi-weekly. WAPA also asserted that it anticipated owing Biggs in the future "$3,559.98 (gross) bi-weekly . . . for the duration of employment." ECF No. 386 at 2.

On March 23, 2017, Biggs requested a hearing and petitioned to quash the writ of garnishment. Biggs asserted: "I do not owe the money to the United States that it says I do." ECF No. 388.

On November 28, 2017, the Court granted Biggs's request for a hearing. The Court scheduled a hearing on the writ of garnishment to commence at 9:00 A.M. on January 11, 2018.

The Court provided Biggs with 42 days notice in advance of the hearing with the expectation that Biggs would make such arrangements within that time to be present for the hearing he had requested. On January 9, 2018--less than 48 hours before the hearing was scheduled to commence--Biggs moved to continue the January 11, 2018, hearing. On January 10, 2018, the Court denied the motion to continue.

Biggs failed to appear at the January 11, 2018, hearing. On January 17, 2018, Biggs withdrew his request for a hearing.

A criminal judgment imposing a fine may be enforced "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal Law." *See* 18 U.S.C. § 3613 ("Section 3613"). The practices and procedures for enforcement of civil judgments under Federal law are described in the Federal Debt Collection Procedures Act ("FDCPA"). *See* 28 U.S.C. §§ 3001-3308.

The FDCPA authorizes the United States to apply for writs of garnishment to enforce civil judgments. *See* 28 U.S.C. § 3205. Under 28 U.S.C. § 3205 ("Section 3205"), the United States may satisfy judgments by garnishing property "in the possession,

*United States v. Biggs, et al.*
Criminal No. 2007-60
Order
Page 4

custody, or control" of a third party if "the debtor has a substantial nonexempt interest" in the property. *See* 28 U.S.C. § 3205(a).

If a court issues a writ of garnishment, the United States must "serve the garnishee and the judgment debtor with a copy of the writ of garnishment." 28 U.S.C. § 3205(c)(3). The United States must also serve on the judgment debtor and garnishee a prescribed notice form and a copy of the application for the writ. *See* 28 U.S.C. § 3202(c). The debtor may move to quash the writ of garnishment by requesting a hearing within 20 days of receiving the notice. 28 U.S.C. § 3202(d).

Where, as here, the debtor does not request a hearing within the required time period, "the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property." 28 U.S.C. § 3205(c)(7).

The premises considered, it is hereby

**ORDERED** that the garnishee, WAPA, shall pay to the United States 25% of Marc A. Biggs's total disposable earnings.

S\
    **Curtis V. Gómez**
    **District Judge**